[Crim. No. 643. Second Appellate District, Division One.—July 30, 1919.]

## THE PEOPLE, Respondent, v. JOHN ALBERT HOPPER, Appellant.

[1] CRIMINAL LAW — MURDER — MISCONDUCT OF DISTRICT ATTORNEY — WAIVER OF OBJECTIONS.—Objection to the misconduct of the district attorney in making a certain statement in his argument to the jury in a prosecution for murder will not be considered by the appellate court where no assignment of such misconduct was

made by the defendant at the time the statement was made to the jury.

[2] ID. — GOOD REPUTATION OF DEFENDANT — PRESUMPTION — INSTRUCTIONS.—A requested instruction "that the law presumes that the defendant has a good reputation for truth, honesty, and integrity" does not conform to section 1847 of the Code of Civil Procedure.

[3] ID.—RIGHT OF SELF-DEFENSE—INSTRUCTIONS.—The defendant in a prosecution for murder is not prejudiced by the failure or refusal of the court to give an instruction on the right of self-defense in the language requested by him, where the court does give an instruction on that subject that is free from any error of which the defendant can complain.

[4] ID.—BURDEN OF PROOF—MURDER IN FIRST DEGREE—VERDICT—INSTRUCTIONS.—In a prosecution for murder, the court having instructed the jury "that it is the duty of the prosecution to prove every material fact necessary to constitute the charge against the defendant beyond all reasonable doubt and to a moral certainty, and in this case, among the material facts to be proven, are,— First: That the deceased was killed by the defendant. Second: That the killing was done with malice aforethought and with premeditation," the defendant, having been convicted of manslaughter only, may not predicate error on the failure of the court to further instruct the jury in that connection, as requested by him, "if you have a reasonable doubt upon any one of these material facts, it is your duty to acquit the defendant of murder in the first degree."

[5] ID.—EVIDENCE OF DRUNKENNESS—CONSIDERATION BY JURY—DEGREE OF CRIME—INSTRUCTIONS.—An instruction that "evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of crime, and the weight to be given it is a matter for the jury to determine in connection with all the other evidence and circumstances in proof in the case," contains a correct statement of the law.

[6] ID.—INTENTION OF DEFENDANT—CONSIDERATION OF MEANS USED— INSTRUCTIONS.—In a prosecution for murder, it is proper to instruct the jury that "in determining the intention of the defendant at the time of the transaction complained of it is important to consider the means used to accomplish the killing."

[7] ID. — BURDEN OF PROOF — MITIGATING CIRCUMSTANCES — INSTRUCTIONS.—Where in other instructions given the jury was fully instructed that the burden was upon the prosecution to prove defendant's guilt beyond a reasonable doubt, it was not error to instruct the jury that "upon a trial for murder if the commission of the homicide by the defendant is proved to a moral certainty and beyond a reasonable doubt, then it devolves upon the defendant to prove circumstances of mitigation or that justify or excuse the act,

unless the proof on the part of the prosecution tends to show that the crime only amounts to manslaughter, or that the defendant was justifiable or excusable."

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. J. Emmons for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant appeals from a judgment rendered against him upon conviction of the crime of manslaughter.

[1] Appellant charges the district attorney with misconduct in making a certain statement in his argument to the jury. No assignment of such misconduct was made by defendant at the time when the statement was made to the jury, and the objection will not be considered now.

Appellant claims that the court erred in refusing the following instructions requested by him:

1. "You are instructed that the law presumes that the defendant has a good reputation for truth, honesty, and integrity."

2. "The defendant would be entitled to act upon the appearances as they presented themselves to him as a reasonable man, although it might subsequently turn out that Warn was unarmed and in fact there was no danger to the defendant."

3. "You are instructed that declarations are very weak and unsatisfactory in their nature as evidence and you are instructed that it is your duty to scrutinize closely any evidence of declarations owing to such fact. The extrajudicial statements of a prisoner unaccompanied with other facts or circumstances are not sufficient and will not justify a conviction."

4. "Evidence of the bad character of the deceased for peace and quiet can be considered by you as having a tendency to show the purpose and intent at the time of the affray that actuated the deceased and can be considered further by you for the purpose of arriving at the condition

of the defendant's mind at the time of firing the fatal shot if the defendant is shown by the evidence to have known the reputation of the deceased for peace and quiet.''

5. ''You are instructed that it is the duty of the prosecution to prove every material fact necessary to constitute the charge against the defendant beyond all reasonable doubt and to a moral certainty, and in this case among the material facts to be proven, are,—First: That the deceased was killed by the defendant. Second: That the killing was done with malice aforethought and with premeditation. And if you have a reasonable doubt upon any one of these material facts, it is your duty to acquit the defendant of murder in the first degree.''

The court did not err in refusing any of these requested instructions. [2] Under the first point, appellant relies upon section 1847 of the Code of Civil Procedure. The requested instruction does not conform to that section. Moreover, no evidence was offered in this case for or against the reputation of the defendant in any particular, and we are unable to see that appellant has been prejudiced by the absence of this instruction, even if appropriately it could have been given.

The second point is sufficiently met by the fact that the court did give to the jury the following instruction: ''The jury are instructed that the defendant as a reasonable man, knowing what he knew and seeing what he saw, had a right to act upon the appearances as they presented themselves to him as a reasonable man, even if you find that Warn at the time was actually unarmed, and if the defendant as such reasonable man, knowing what he knew and seeing what he saw, had a right to believe and did believe from such appearances that he was about to suffer great bodily harm at the hands of Warn, and that if acting alone upon such belief he fired the shot at Warn, then I instruct you that the defendant is entitled to an acquittal at your hands.''

[3] Without saying that the instruction given is entirely correct, we do say that it is free from any error of which the defendant is entitled to complain. This instruction having been given, the defendant could not be prejudiced by the refusal of the court to instruct the jury in the language requested by him.

In connection with point 3, it should be noted that the court instructed the jury that ''if there is any testimony

as to the oral admissions alleged to have been made by the defendant, you are instructed that you are to receive the same and consider them with caution''; and also fully charged the jury as to the necessity for proof of defendant's guilt beyond all reasonable doubt.  From the defendant's own testimony it appears that he fired the shot by which Warn, the deceased, was killed.  Aside from the extrajudicial admissions shown by the testimony, the evidence against the defendant is abundant and clear as to all matters connected with such extrajudicial statements or admissions by the defendant.

Under point 4, we note that the court instructed the jury as follows: ''You are instructed that the defendant had a right at the time of firing the fatal shot to consider fully all acts of violence that he had seen the deceased commit; all threats that he had heard the deceased make, together with the disposition of the deceased as the defendant knew it in order that the defendant might know or believe what the deceased meant or intended at the time that the fatal shot was fired.''  There was no evidence of bad ''reputation'' of the deceased for peace and quiet, but the defendant testified concerning a quarrel which he had recently witnessed between the deceased and another person in which the deceased used threatening language toward that other person.  The subject matter of the instruction refused by the court was sufficiently covered by the instruction given as above stated.

[4] Under the fifth point, it is admitted that the court gave all of the requested instruction except the last sentence thereof.  In view of the fact that defendant was convicted of manslaughter only, he is in no position to complain of this modification of the instruction, and we need not discuss the merits of appellant's criticisms thereon.

[5] 6. Appellant objects to the closing sentence of the fourteenth instruction, which is as follows: ''Evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of crime, and the weight to be given it is a matter for the jury to determine in connection with all the other evidence and circumstances in proof in the case.''  The language quoted is a correct statement of the law.  (*People* v. *Keyes,* 178 Cal. 794, [175 Pac. 6].)

[6]  7. Instruction No. 17 defines murder of the first and second degrees and manslaughter. In that instruction the court said: "In determining the intention of the defendant at the time of the transaction complained of it is important to consider the means used to accomplish the killing." It is of this statement in the instruction that appellant complains. There is no doubt in our minds that the jury is entitled to consider the means used by one in making an assault as an element in the determination of his intention at the time. The statement quoted, especially in the connection in which it was used, is without error.

[7]  8. Instruction No. 21 reads as follows: "Upon a trial for murder if the commission of the homicide by the defendant is proved to a moral certainty and beyond a reasonable doubt, then it devolves upon the defendant to prove circumstances of mitigation or that justify or excuse the act, unless the proof on the part of the prosecution tends to show that the crime only amounts to manslaughter, or that the defendant was justifiable or excusable." Appellant's objection to this instruction is that "it was virtually instructing the jury that the defendant should prove mitigation or justification and not that he might raise a reasonable doubt as to these defenses." We think that the instruction, when taken together with the other instructions given by the court to the jury, was without error. The jury was fully instructed that the burden was upon the prosecution to prove defendant's guilt beyond a reasonable doubt.

9. The last point insisted upon refers to an instruction concerning the right of self-defense. That the instruction correctly stated the law is not denied, but appellant claims that there was no evidence to which it could apply, and, therefore, that the instruction was confusing and misleading. There was evidence of circumstances to which the instruction reasonably might be applied.

Our examination of the case convinces us that the defendant had a fair trial, free from prejudicial error, and that he was fortunate to escape with a conviction which reduced his offense to manslaughter.

The judgment is affirmed.

Shaw, J., and James, J., concurred.